UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KATHLEEN CALLAN,<br><br>            Plaintiff,<br><br>     vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX, INC., AND NEW YORK COMMUNITY BANK,<br><br>            Defendants. | Case No: C 12-03563 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Docket 52 |

On July 6, 2012, Plaintiff Kathleen Callan ("Plaintiff") commenced the instant action against Experian Information Solutions, Inc. ("Experian"), TransUnion, LLC ("TransUnion"),[1] and Equifax, Inc. ("Equifax"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Compl., Dkt. 1. On November 26, 2012, Plaintiff filed a first amended complaint ("FAC") in which she joined New York Community Bank ("NYCB") as a Defendant, alleging that NYCB wrongfully foreclosed on her home in Pittsburg, California. Dkt. 43.

The parties are presently before the Court on NYCB's motion to dismiss. Dkt. 52. Plaintiff opposes the motion. Dkt. 54. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS NYCB's motion to dismiss with prejudice, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] TransUnion was dismissed from this action with prejudice on October 22, 2012. Dkt. 40.

I. **BACKGROUND**

On or about April 19, 2007, Plaintiff borrowed $358,000 from Ohio Savings Bank to purchase a residential property located at 347 Jorgensen, Pittsburg, CA 94565 (the "Property"). FAC ¶ 44. The loan was secured by a Deed of Trust ("DOT") against the property identifying Ohio Savings Bank as the "Lender," New Century Title Company as the "Trustee," and MERS as both the "nominee for Lender and Lender's successors and assigns" and the "beneficiary under this Security Instrument." NYCB's Request for Judicial Notice ("RJN"), Exh. A, Dkt. 52-2. The DOT provides that MERS has the right to foreclose on the Property: "Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has . . . the right to foreclose and sell the Property." Id.

On December 4, 2009, Ohio Savings Bank was shut down by the United States Office of Thrift Supervision ("OTS"), FAC ¶ 45,[2] and the Federal Deposit Insurance Corporation ("FDIC") was named as Receiver. See http://www.fdic.gov/bank/individual/failed/amtrust.html.[3] The "Failed Bank Information" on the FDIC's official website states that the loans and accounts of AmTrust Bank - formerly Ohio Savings Bank, were acquired by NYCB, and instructs AmTrust Bank customers as follows: "If you had a loan with AmTrust Bank, you should continue to make your payments as usual. The terms of your loan will not change, because they are

---

[2] While Plaintiff alleges that Ohio Savings Bank was shut down by the OTS on December 4, 2009, the OTS shut down AmTrust Bank, formerly known as Ohio Savings Bank. According to the FDIC's official website, Ohio Savings Bank changed its name to AmTrust Bank on April 23, 2007. See http://research.fdic.gov/bankfind/detail.html?bank=29776&name=Ohio#. The Court finds that this information is suitable for judicial notice. See Fed.R.Evid. 201(c) (the court "make take judicial notice on its own"); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998-999 (9th Cir. 2010) (courts may take judicial notice of information posted on an official government website); see also Laborer's Pension Fund v. Blackmore Sewer Const., Inc., 298 F.3d 600, 607-608 (7th Cir. 2002) (taking judicial notice of information on FDIC's official website).

[3] The Court finds that the "Failed Bank Information" published by the FDIC on its official website is suitable for judicial notice. See Fed.R.Evid. 201(c); Daniels-Hall, 629 F.3d at 998-999; see also Laborer's Pension Fund, 298 F.3d at 607-608.

1  contractually agreed to in your promissory note.  Checks should be made payable as usual
2  and sent to the same address until further notice."  See id.
3        Plaintiff defaulted on her mortgage payments, which resulted in the recording of a
4  Notice of Default and Election to Sell Under a Deed of Trust ("NOD") on June 1, 2010 by
5  Cal-Western Reconveyance Corporation ("Cal-Western").  NYCB's RJN, Exh. C.  The
6  NOD states that MERS, as beneficiary, "has deposited with said trustee such Deed of
7  Trust" and "does hereby elect to cause the trust property to be sold to satisfy the obligations
8  secured thereby."  Id.  On July 2, 2010, an Assignment of Deed of Trust was recorded,
9  stating that MERS, as nominee for Ohio Savings Bank, granted, assigned and transferred all
10 beneficial interest under the DOT to NYCB on April 19, 2010.  NYCB's RJN, Exh. B.  On
11 September 2, 2010, Cal-Western recorded a Notice of Trustee's Sale.  NYCB's RJN, Exh.
12 D.  On November 22, 2010, the Property was sold at public auction to NYCB.  NYCB's
13 RJN, Exh. E.  The Trustee's Deed upon Sale was recorded on December 6, 2010.  Id.  On
14 April 8, 2011, NYCB sold the Property.  NYCB's RJN, Exh. F.
15       On an unknown date in 2010, Plaintiff, proceeding pro se, filed a complaint in
16 Contra Costa County Superior Court alleging claims arising out of the foreclosure of the
17 Property.  See Dkt. 55-1.[4]  On March 9, 2011, Plaintiff filed an amended verified complaint
18 alleging claims against various Defendants, including claims against Ohio Savings Bank for
19 injunctive relief, unjust enrichment, and to set aside or vacate the foreclosure sale.  Id.  On
20 April 1, 2011, NYCB, "as assignee from FDIC as Receiver from AmTrust Bank formerly

---

[4] NYCB submitted several documents in connection with the instant motion that were filed in an earlier state court action in support of its res judicata argument for dismissal.  While NYCB has not requested the Court take judicial notice of these documents, the Court finds that they are suitable for judicial notice as matters of public record.  See Fed.R.Evid. 201(c); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of court filings to determine what issues were actually litigated in prior action for purposes of issue preclusion); Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state court decision and related filed briefs for purposes of determining prior judgment's preclusive effect).

known as Ohio Savings Bank (erroneously sued as Ohio Savings Bank),"[5] filed a demurrer to Plaintiff's amended verified complaint. Id.  On June 21, 2011, NYCB's demurrer was sustained without leave to amend. Id.  On October 17, 2011, the amended verified complaint was dismissed as to NYCB with prejudice and judgment was entered against Plaintiff and in favor of NYCB. Id.

On July 6, 2012, Plaintiff commenced the instant action. See Compl.  On November 26, 2012, Plaintiff filed a FAC alleging claims against NYCB for: (1) cancellation of instruments; and (2) wrongful foreclosure.  See FAC ¶¶ 43-54.

With regard to her claim for cancellation of instruments, Plaintiff alleges that after Ohio Savings Bank was shut down by the OTS, NYCB directed Cal-Western to falsify an "Assignment of Beneficial Interest in Deed of Trust" on behalf of MERS as nominee for the "non-existent" Ohio Savings Bank to NYCB "in an attempt to create the appearance of a chain of title in Plaintiff's property to [NYCB]."  FAC ¶¶ 46-47.  Plaintiff further alleges that based upon "falsified documentation," NYCB directed Cal-Western "to conduct a foreclosure sale, then creat[ed] a Trustee's Deed Upon Sale in NYCB's favor, which was then recorded on December 6, 2010, clouding plaintiff's title. . . ."  Id. ¶ 48.  Plaintiff also alleges that NYCB "caused Cal Western to unlawfully record a Notice of Default and a Notice of Trustees [sic] sale incident to the procedural requirements of Civil Code 2924 et seq."  Id. ¶ 48.  According to Plaintiff, she is entitled under California law "to make an application for an order cancelling each of the void instruments alleged above."  Id. ¶ 50.

With regard to her wrongful foreclosure claim, Plaintiff alleges that, "[t]hrough its actions in directing [Cal-Western] to falsify an Assignment of the Deed of Trust executed in favor of Ohio Savings Bank, and then foreclosing and evicting [her], [NYCB] did wrongfully foreclose on [her]. . . ."  FAC ¶ 53.  As a remedy for her claims against NYCB,

---

[5] Plaintiff does not dispute NYCB's assertion that "[a]lthough Ohio Savings Bank was named as the defendant in [the earlier state court] action, [NYCB] appeared on behalf of Ohio Savings Bank because it was appointed by the FDIC as Ohio Savings Bank's assignee."  NYCB's Mtn. at 3.

Plaintiff seeks damages as well as cancellation of the NOD, the Assignment of Deed of Trust, the Notice of Trustee's Sale, and the Trustee's Deed Upon Sale. See id. at 18.

## II. LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Although allegations in a complaint are generally accepted as true, a court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim [for] relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Where a complaint or claim is dismissed, leave to amend is generally granted, unless further amendment would be futile. Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-1088 (9th Cir. 2002).

## III. DISCUSSION

### A. Judicial Notice

A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). NYCB requests the Court take judicial notice of the following documents recorded in the Official Records of Contra Costa County: (1) the

DOT; (2) the Assignment of Deed of Trust; (3) the NOD; (4) the Notice of Trustee's Sale; (5) the Trustee's Deed Upon Sale; and (6) the Grant Deed.  See NYCB's RJN, Exhs. A-F, Dkt. 52-2.  The Court finds that these documents are suitable for judicial notice as matters of public record.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss); Hutson v. American Home Mortgage Servicing, Inc., 2009 WL 3353312, at *3-4 (N.D. Cal. 2009) (taking judicial notice of the deed of trust and other documents related to the loan as matters of public record).  Accordingly, NYCB's request for judicial notice is GRANTED.

### B.     Motion to Dismiss

NYCB moves to dismiss the FAC on various grounds, including that Plaintiff's claims for cancellation of instruments and wrongful foreclosure are barred by the doctrine of res judicata.

A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6).  See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).  Under 28 U.S.C. § 1738, federal courts are required to give full faith and credit to state court judgments.  See San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 336 (2005); Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009).

To determine the preclusive effect of a state court judgment, federal courts look to state law.  Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993).  "California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated."  Id.  Under California law, a claim is barred by res judicata if three requirements are met: (1) the second lawsuit involved the same "cause of action" as the first lawsuit, (2) there was a final judgment on the merits in the first lawsuit, and (3) the party to be precluded was a party, or in privity with a party, to the first lawsuit.  San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 734 (9th Cir. 2009).

In determining whether res judicata bars a claim, California courts follow the primary rights doctrine. Manufactured Home Cmtys. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005) ("MHC"). This doctrine provides that:

> A 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty. The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.

Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 904 (2002) (internal quotation and alterations omitted). Thus, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." Id. at 897. "If an action involves the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit, the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174 (1983) (internal citations omitted); MHC, 420 F.3d at 1032 ("Different theories of recovery are not separate primary rights.").

The Court finds that Plaintiff's claims against NYCB are barred by the doctrine of res judicata. The first requirement for res judicata is that the second lawsuit must involve the same "cause of action" as the first lawsuit. The claims alleged against NYCB in the instant action and the claims alleged in the earlier state court action are predicated on the allegedly unlawful foreclosure of the Property. See Dkt. 55-1. Thus, because both actions are based on a violation of the same primary right against wrongful foreclosure, the same "cause of action" requirement is satisfied. The fact that Plaintiff has pled different theories of recovery does not alter the fact that her claims are based on the same primary right. Plaintiff could have raised the claims alleged in this action in the earlier state court action.

The second requirement for res judicata is that there must have been a final judgment on the merits in the first lawsuit. In the earlier state court action, Plaintiff's claims against NYCB were dismissed with prejudice and judgment was entered against Plaintiff and in favor of NYCB after NYCB's demurrer was sustained without leave to

amend.  See Dkt. 55-1.  Because a final judgment on the merits was entered in the earlier state court action, the second requirement for res judicata is satisfied.  See Palomar Mobilehome Park Ass'n, 989 F.2d at 364 ("In California, a judgment entered after the sustaining of a general demurrer is a judgment on the merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second action on the same facts.").

The third requirement for res judicata is that the party to be precluded must itself have been a party, or in privity with a party, to the first lawsuit.  Documents subject to judicial notice establish that Plaintiff initiated the earlier state court action.  See Dkt. 55-1.  Thus, the third requirement for res judicata is satisfied.

In sum, the Court concludes that all of the elements necessary to apply the doctrine of res judicata are satisfied.  Thus, Plaintiff is precluded from challenging the validity of the foreclosure proceedings and the trustee's sale in the instant action.  The judgment rendered in the earlier state court action bars the claims alleged against NYCB as a matter of law.  Accordingly, NYCB's motion to dismiss is GRANTED.[6]  Because leave to amend would be futile, NYCB's motion is granted with prejudice.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. NYCB's motion to dismiss is GRANTED with prejudice.
2. This Order terminates Docket 52.

IT IS SO ORDERED.

Dated: 7/5/13

                                          SAUNDRA BROWN ARMSTRONG
                                          United States District Judge

---

[6] In light of the Court's determination that Plaintiff's claims are barred by the doctrine of res judicata as a matter of law, the Court will not reach NYCB's alternative arguments for dismissal.